**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID S. PETERSON,

        Plaintiff-Appellant,

v.

IRMA LUCERO, Warden, Western
New Mexico Correctional Facility;
CARL TOERSBIGNS; THERESA
MARQUEZ; JOHN SHANKS,
Director, Adult Prison System; JERRY
TAFOYA; TIM LEMASTER, Warden,
New Mexico State Penitentiary,

        Defendants-Appellees.

No. 04-2318

(D.C. No. CIV-02-1487 MCA/ACT)

(D. New Mex.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant, a state prisoner in New Mexico, filed this case under 42 U.S.C. § 1983 and alleged various constitutional violations. On November 11, 2005, over the Appellant's objections, the district court adopted the Proposed Findings and Recommended Disposition of the magistrate judge. Six days later Appellant filed his notice of appeal, which we now review, pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Since his incarceration in 1988, Appellant has filed in excess of forty law suits in state and federal courts.

Appellant's original civil rights complaint in this case was filed on November 25, 2002, in New Mexico District Court. The complaint named six defendants, all employees of the New Mexico Corrections Department. The complaint alleged that the defendants retaliated against Appellant for exercising his right to free speech, inflicted cruel and unusual punishment, and denied him due process.

The district court dismissed the majority of Appellant's claims for failure to state a claim upon which relief can be granted in a Memorandum Opinion and Order entered April 9, 2003. The court dismissed Appellant's claim of a due process violation relating to his classification and transfer along with his claims of denial of access to the courts, denial of free process, violation of the state open meetings act, and destruction of personal property. In a subsequent order addressing the Appellant's objections, the court also dismissed Appellant's claims

arising from the denial of newspapers and claims concerning visitation rights.

Two claims were not dismissed—a retaliation claim for violation of the First Amendment and a cruel and unusual punishment claim for violation of the Eighth Amendment. On April 1, 2004, the discovery process began, and the district court ordered the Defendants to compile a *Martinez* report. *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Appellant continued to file discovery requests and moved to amend his complaint during the time the *Martinez* report was being prepared. On June 18, 2004, the district court issued a protective order staying Appellant's discovery requests until the *Martinez* report was completed. After the report was completed, Appellant continued to make discovery requests and filed motions to compel that the district court denied. On October 6, 2005, Appellant submitted his response to the *Martinez* report, alleging that it was incomplete, and stressed his objections to the earlier discovery rulings. A magistrate judge, after reviewing the *Martinez* report and Appellant's response, issued his Proposed Findings and Recommended Disposition, recommending summary judgment in favor of the Defendants on the remaining two claims.

Specifically, the magistrate judge found that Appellant's alleged claims of retaliation (in the form of searching his cell and confiscating legal papers belonging to other prisoners) was not a result of the Defendant, Warden Irma Lucero, having been served with a subpoena by Appellant. The magistrate judge

also stated that "[a] review of the misconduct report does not establish any facts that would give rise to a claim of cruel and unusual punishment or a claim of retaliation." Proposed Findings and Recommended Disposition, 8.

Appellant filed an objection to the recommendation by the magistrate judge, but the district court adopted the Proposed Findings and Recommended Disposition. Order and Judgment, 1 (Nov. 24, 2004, D.N.M).

We review both the district court's dismissals for failure to state a claim and grants of summary judgment de novo. *Elliott Indus. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1106-07 (10th Cir. 2005). We have carefully reviewed the briefs of Appellant and Appellees, the magistrate's judge's findings and district court's disposition, and the record on appeal. We are in accord with the district court's dismissals and summary judgment ruling, and for substantially the same reasons set forth by the district court in its Memorandum Opinion and Order of April 9, 2003, and its Order and Judgment of November 24, 2004, we **AFFIRM** the district court's dismissal with prejudice of Appellant's § 1983 complaint.

Entered for the Court

Monroe G. McKay
Circuit Judge

-4-